UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
BONNIE SHIBETTI,

                               Plaintiff,                    Civil Action No.:

                        -against-                    **COMPLAINT**

LGMALONEY LLC, CROWN CROPSEY AVENUE LLC,    **PLAINTIFF DEMANDS**
MIKO ENTERPRISES, LLC, MICHAEL SIDERAKIS,    **A TRIAL BY JURY**
CHRISTOS SIDERAKIS, GUS SIKLAS, KAMAL
FATHELBAB, XYZ CORP(s) 1–5, and JOHN DOE(s) 1–5,

                               Defendants.
------------------------------------------------------------------------X

      Plaintiff Bonnie Shibetti, by her attorneys LaRocca Hornik Rosen Greenberg & Blaha LLP, for her complaint against defendants LGMALONEY LLC, Crown Cropsey Avenue LLC, Miko Enterprises, LLC, Michael Siderakis, Christos Siderakis, Gus Siklas, Kamal Fathelbab, XYZ Corp(s) 1–5, and John Doe(s) 1–5 respectfully alleges as follows:

## PRELIMINARY STATEMENT

      1.     Plaintiff brings this action under the Fair Labor Standards Act ("FLSA") and New York State Labor Law ("NYLL") because defendants paid plaintiff at a rate less than the statutory minimum wage and failed to pay plaintiff overtime pay for the work she performed in excess of forty (40) hours per week.  Defendants also failed to pay plaintiff spread of hours pay in violation of the NYLL.  Defendants also failed to provide plaintiff with a proper wage notice at the time she was hired and wage statements on each payday, as required by the NYLL.  Defendants also made unlawful deductions from plaintiff's wages in violation of the NYLL.  Defendants also unlawfully retaliated against plaintiff in violation of the NYLL by terminating her employment after she made protected complaints regarding defendants' labor law violations.

2.     Plaintiff also brings this action under the New York City Human Rights Law ("NYCHRL") because the defendants subjected plaintiff to a hostile work environment, sexually harassed and discriminated against plaintiff, unlawfully retaliated against plaintiff for engaging in a protected activity, and unlawfully terminated plaintiff's employment in violation of the NYCHRL.

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves the FLSA, a federal statute.

4.     This Court has supplemental jurisdiction over plaintiff's state and city law claims arising under the NYLL and the NYCHRL, pursuant to 28 U.S.C. § 1367.

5.     Venue is proper in this District under 28 U.S.C. §§ 1391(b) & (c) because a substantial part of the events or omissions giving rise to this action occurred in this District and the defendants are subject to personal jurisdiction in this District.

## THE PARTIES

6.     Plaintiff Bonnie Shibetti ("plaintiff") resides in Brooklyn, New York.

7.     LGMALONEY LLC ("LG") is a foreign limited liability company conducting business in the State of New York.

8.     LG is the owner of Block # 6951, Lot # 16 in Brooklyn, New York, also known as 2939 Cropsey Avenue, Brooklyn, New York.

9.     Upon information and belief, LG is a current or former owner, operator, licensor, licensee, or manager of the restaurant known as the Parkview Diner located at 2939 Cropsey Avenue in Brooklyn, New York (the "Parkview Diner").

10.    Crown Cropsey Avenue LLC ("Crown") is a domestic limited liability company

authorized to conduct business in the State of New York.

11. Upon information and belief, Crown is a current or former owner, operator, licensor, licensee, or manager of the Parkview Diner.

12. Miko Enterprises, LLC ("Miko") is a domestic limited liability company authorized to conduct business in the State of New York.

13. Upon information and belief, Miko is a current or former owner, operator, licensor, licensee, or manager of the Parkview Diner.

14. Upon information and belief, Michael Siderakis resides in the State of New York.

15. Upon information and belief, Michael Siderakis is a current or former owner, operator, licensor, licensee, manager, or employee of the Parkview Diner.

16. Upon information and belief, Christos Siderakis resides in the State of New York.

17. Upon information and belief, Christos Siderakis is a current or former owner, operator, licensor, licensee, manager, or employee of the Parkview Diner.

18. Upon information and belief, Gus Siklas resides in the State of Florida.

19. Upon information and belief, Gus Siklas is a current or former owner, operator, licensor, licensee, manager, or employee of the Parkview Diner.

20. Upon information and belief, Kamal Fathelbab resides in the State of New York.

21. Upon information and belief, Kamal Fathelbab is a current or former owner, operator, licensor, licensee, manager, or employee of the Parkview Diner.

22. Upon information and belief, XYZ Corp(s) 1–5 are foreign or domestic entities authorized to conduct business in the State of New York.

23. Upon information and belief, XYZ Corp(s) 1–5 are current or former owners, operators, licensors, licensees, or managers of the Parkview Diner.

24. Upon information and belief, John Doe(s) 1–5 reside in the State of New York.

25. Upon information and belief, John Doe(s) 1–5 are current or former owners, operators, licensor, licensee, managers, or employees of the Parkview Diner.

26. Plaintiff is a former employee of defendants.

## FACTUAL ALLEGATIONS

27. The Parkview Diner is a popular diner restaurant located at 2939 Cropsey Avenue in Brooklyn, New York.

28. In or around June 2015, plaintiff was hired by defendants to work as a waitress at the Parkview Diner.

29. At the time she was hired, defendants failed to provide plaintiff with a proper wage notice, as required by the NYLL.

30. During the time period of her employment, plaintiff worked at the Parkview Diner on Wednesdays through Sundays, from approximately 9:00 a.m. to 7:00 p.m.

31. During the time period of her employment, defendants failed and refused to pay plaintiff "on the books" and failed and refused to provide her with regular wage statements, as required by the NYLL.

32. During the time period of her employment, defendants also failed and refused to pay plaintiff more than $2.00 per hour, a rate far less than the minimum wage.

33. From the commencement of her employment in June 2015 to the unlawful termination of her employment in April 2016, plaintiff was paid only $2.00 per hour for each of the two-thousand (2,000) or more hours she worked at the Parkview Diner. By way of example:

- During the week of October 7–11, 2015, plaintiff was paid approximately $100 for the fifty (50) or more hours she worked at the Parkview Diner;

- During the week of October 14–18, 2015, plaintiff was paid approximately $100 for the fifty (50) or more hours she worked at the Parkview Diner;

- During the week of October 21–25, 2015, plaintiff was paid approximately $100 for the fifty or more hours she worked at the Parkview Diner;

- During the week of October 28–November 1, 2015, plaintiff was paid approximately $100 for the fifty (50) or more hours she worked at the Parkview Diner.

34. From the commencement of her employment in June 2015 to the unlawful termination of her employment in April 2016, plaintiff was regularly required to work fifty (50) or more hours per week. However, she was never paid overtime for any of the work she performed in excess of forty (40) hours per week.

35. By way of example, she was not paid overtime during any of the weeks outlined in paragraph 33 above, despite her working fifty (50) or more hours in each of those weeks.

36. In total, it is estimated that defendants failed to pay plaintiff for more than four hundred (400) hours of overtime pay during the course of her employment.

37. During the course of her employment, plaintiff also worked days where her spread of hours exceeded ten (10) hours per day. Nevertheless, defendants failed to pay plaintiff compensation of one (1) hour's pay at the basic minimum hourly wage rate for each day that plaintiff's spread of hours exceeded ten (10) hours.

38. Defendants also made numerous unlawful deductions from plaintiff's wages for food spoilage and breakage and for customers who failed or refused to pay for orders or menu items.

39. In fact, customers of the Parkview Diner would frequently "skip out" on their bill during plaintiff's shifts and defendants forced plaintiff to cover the unpaid checks of these customers.

40. In addition to this litany of unlawful labor practices, defendants also subjected plaintiff to a hostile work environment and other sexually discriminatory and retaliatory actions.

41. More specifically, Kamal Fathelbab, plaintiff's direct supervisor, sexually harassed and assaulted plaintiff at work on numerous occasions.

42. Among other things, Mr. Fathelbab would follow plaintiff into the women's restroom, physically corner her, and pull his penis out of his pants.

43. Mr. Fathelbab would also thrust his crotch into plaintiff's face and ask her to "touch his cock."

44. Plaintiff was terrified, humiliated and distressed by these sexual assaults.

45. Other waitresses at the Parkview Diner told plaintiff that Mr. Fathelbab had subjected them to similar sexual harassment and assaults.

46. Other male employees at the Parkview Diner would intentionally poke plaintiff's breasts with their hands and elbows and leer and jeer at plaintiff in a sexual manner.

47. One male server grabbed plaintiff's head and pulled it towards his crotch.

48. Customers of the Parkview Diner witnessed these sex acts.

49. Plaintiff specifically complained to her supervisors about the unlawful conduct of Mr. Fathelbab and the various male servers and busboys at the Parkview Diner.

50. In response, her supervisors laughed at her.

51. Plaintiff's supervisors and managers were complicit in the sexual assaults and harassment suffered by plaintiff and never took any action to stop these abuses.

52. In or around April 2016, plaintiff approached her supervisors and requested that she be paid "on the books," with regular wage statements, and at an amount meeting or exceeding the minimum wage.

53. Her supervisors ignored her request.

54. Just a few days later, plaintiff's employment with the Parkview Diner was terminated.

## FIRST CLAIM FOR RELIEF
**(Failure to Pay Minimum Wage under FLSA against Defendants)**

55. Paragraphs 1 through 54 are realleged.

56. At all relevant times, defendants were "employers" engaged in interstate "commerce" or in the production of "goods" for "commerce" within the meaning of the FLSA.

57. At all relevant times, defendants have had gross revenues in excess of $500,000.

58. At all relevant times, defendants have employed "employee[s]" as defined by the FLSA, including plaintiff, a former employee.

59. At all relevant times, defendants operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the statutory minimum wage to plaintiff for the two-thousand (2,000) or more hours she worked at the Parkview Diner.

60. At all relevant times, defendants willfully, regularly, and repeatedly failed to pay the statutory minimum wage to plaintiff for the two-thousand (2,000) or more hours she worked at the Parkview Diner.

61. Plaintiff seeks damages in the amount of her unpaid compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**(Failure to Pay Minimum Wage under NYLL against Defendants)**

62. Paragraphs 1 through 61 are realleged.

63. Defendants employed plaintiff within the meaning of the NYLL.

64. Defendants willfully, regularly, and repeatedly failed to pay the statutory minimum wage to plaintiff for the hours she worked at the Parkview Diner.

65. Plaintiff seeks damages in the amount of her unpaid compensation, liquidated (double) damages as provided by the NYLL for minimum wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**THIRD CLAIM FOR RELIEF**
**(Failure to Pay Overtime under FLSA against Defendants)**

66. Paragraphs 1 through 65 are realleged.

67. Plaintiff regularly worked in excess of forty (40) hours per workweek from June 2015 until April 2016, when defendants unlawfully terminated her employment.

68. At all relevant times, defendants operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay plaintiff at one and one-half times her regular pay for work performed in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA, even though plaintiff was entitled to overtime.

69. At all relevant times, defendants willfully, regularly, and repeatedly failed to pay

8

plaintiff at the required overtime rate, one and one-half times her regular pay for hours worked in excess of forty (40) hours per workweek.

70. Plaintiff seeks damages in the amount of her unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### FOURTH CLAIM FOR RELIEF
**(Failure to Pay Overtime Under the NYLL against Defendants)**

71. Paragraphs 1 through 70 are realleged.

72. Defendants employed plaintiff within the meaning of the NYLL.

73. Defendants willfully, regularly, and repeatedly failed to pay plaintiff at the required overtime rate, one and one-half times her regular pay for hours worked in excess of forty (40) hours per workweek.

74. Plaintiff seeks damages in the amount of her unpaid overtime compensation, liquidated (double) damages as provided by the NYLL for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### FIFTH CLAIM FOR RELIEF
**("Spread of Hours" Claim Under the NYLL against Defendants)**

75. Paragraphs 1 through 74 are realleged.

76. Defendants willfully, regularly, and repeatedly failed to pay plaintiff compensation of one (1) hour's pay at the basic minimum hourly wage rate for each day where plaintiff's spread of hours exceeded ten (10) hours.

77. Plaintiff seeks damages in an amount to be determined at trial, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### SIXTH CLAIM FOR RELIEF
### (Failure to Furnish a Proper Wage Notice and
### Wage Statements Under the NYLL against Defendants)

78. Paragraphs 1 through 77 are realleged.

79. Section 195(1)(a) of the NYLL requires that employers furnish to each employee "in writing in English and in the language identified by each employee as the primary language of such employee, at the time of hiring, a notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other…"

80. Defendants willfully failed to furnish plaintiff with a proper wage notice at the time she was hired that reflected the criteria required under § 195(1)(a).

81. Moreover, § 195(3) requires that employers furnish to each employee wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

82. Defendants also willfully failed to furnish plaintiff with wage statements containing the criteria required under § 195(3).

83. Plaintiff seeks statutory damages in an amount to be determined at trial, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### SEVENTH CLAIM FOR RELIEF
### (Unlawful Wage Deductions Under the NYLL against Defendants)

84. Paragraphs 1 through 83 are realleged.

85. Section 199 of the NYLL authorizes the Commissioner of Labor to "issue such rules and regulations as he determines necessary for the purposes of carrying out the provisions of this article."

86. The Commissioner of Labor has promulgated the Hospitality Industry Wage Order, codified under 12 N.Y.C.R.R. 146 *et seq.*, which prohibits employers from making deductions from wages for, among other things, "spoilage or breakage" or "because of non-payment by a customer."

87. Defendants violated the Hospitality Wage Order by making unlawful deductions from plaintiff's wages for food spoilage and breakage and because of non-payment by customers of the Parkview Diner.

88. Plaintiff seeks damages in an amount to be determined at trial, liquidated (double) damages as provided by the NYLL, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**EIGHTH CLAIM FOR RELIEF**
**(Retaliation Under the NYLL against Defendants)**

89. Paragraphs 1 through 88 are realleged.

90. Section 215 of the NYLL states that "[n]o employer or his or her agent, or the officer or agent of any corporation, partnership, or limited liability company, or any other person, shall discharge, threaten, penalize, or in any other manner discriminate or retaliate against any employee (i) because such employee has made a complaint to his or her employer…that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of this chapter, or any order issued by the commissioner (ii) because such employer or person believes that such employee has made a complaint to his or her employer…that the employer has violated any provision of this chapter, or any order issued by the commissioner…or (vi) because such employee has otherwise exercised rights protected under this chapter…"

11

91. Defendants unlawfully retaliated against plaintiff by terminating her employment in response to protected complaints that she made about defendants' Labor Law violations.

92. Plaintiff seeks damages in an amount to be determined at trial, liquidated (double) damages as provided by the NYLL, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**NINTH CLAIM FOR RELIEF**
**(Sexual Discrimination Under the NYCHRL against Defendants)**

93. Paragraphs 1 through 92 are realleged.

94. Section 8-107(1) of the NYCHRL provides that "[i]t shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, caregiver status, sexual orientation or alienage or citizenship status of any person: (1) to represent that any employment or position is not available when in fact it is available; (2) to refuse to hire or employ or to bar or to discharge from employment such person; or (3) to discriminate against such person in compensation or in terms, conditions or privileges of employment."

95. Defendants engaged in an unlawful discriminatory practice in violation of § 8-107(1) of the NYCHRL by creating and maintaining discriminatory and hostile working conditions, by subjecting plaintiff to *quid pro quo* sexual harassment, by unlawfully terminating plaintiff's employment, and by otherwise sexually discriminating against plaintiff.

96. Plaintiff seeks damages in the amount of all lost wages and benefits resulting from the unlawful termination of plaintiff's employment, front pay, compensatory damages for mental, emotional, and physical injuries, distress, pain and suffering and injury to her reputation in an amount to be determined at trial, punitive damages, attorneys' fees and costs.

**TENTH CLAIM FOR RELIEF**
**(Retaliation Under the NYCHRL against Defendants)**

97. Paragraphs 1 through 96 are realleged.

98. Section 8-107(7) of the NYCHRL provides that "[i]t shall be an unlawful discriminatory practice for any person engaged in any activity to which this chapter applies to retaliate or discriminate in any manner against any person because such person has (i) opposed any practice forbidden under this chapter, (ii) filed a complaint, testified or assisted in any proceeding under this chapter, (iii) commenced a civil action alleging the commission of an act which would be an unlawful discriminatory practice under this chapter, (iv) assisted the commission or the corporation counsel in an investigation commenced pursuant to this title, or (v) provided any information to the commission pursuant to the terms of a conciliation agreement made pursuant to section 8-115 of this chapter. The retaliation or discrimination complained of under this subdivision need not result in an ultimate action with respect to employment, housing or a public accommodation or in a materially adverse change in the terms and conditions of employment, housing, or a public accommodation, provided, however, that the retaliatory or discriminatory act or acts complained of must be reasonably likely to deter a person from engaging in protected activity."

99. Defendants unlawfully retaliated against plaintiff by terminating her employment because she made protected complaints to her supervisors regarding the unlawful sexual harassment and assaults against her by her supervisor and co-workers at the Parkview Diner.

100. Plaintiff seeks damages in the amount of all lost wages and benefits resulting from the unlawful termination of plaintiff's employment, front pay, compensatory damages for mental, emotional, and physical injuries, distress, pain and suffering and injury to her reputation in an amount to be determined at trial, punitive damages, attorneys' fees and costs.

**ELEVENTH CLAIM FOR RELIEF**
**(Aiding and Abetting Discrimination Under the NYCHRL against**
**Michael Siderakis, Christos Siderakis, Gus Siklas, Kamal Fathelbab, and John Doe(s) 1–5)**

101. Paragraphs 1 through 100 are realleged.

102. Section 8-107(6) of the NYCHRL provides that "[i]t shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this chapter, or to attempt to do so."

103. Michael Siderakis, Christos Siderakis, Gus Siklas, Kamal Fathelbab, and John Doe(s) 1–5 engaged in an unlawful discriminatory practice in violation of § 8-107(6) of the NYCHRL by aiding, abetting, inciting, compelling and coercing the above discriminatory conduct.

104. Plaintiff seeks damages in the amount of all lost wages and benefits resulting from the unlawful termination of plaintiff's employment, front pay, compensatory damages for mental, emotional, and physical injuries, distress, pain and suffering and injury to her reputation in an amount to be determined at trial, punitive damages, attorneys' fees and costs.

**TWELFTH CLAIM FOR RELIEF**
**(Employer Liability Under the NYCHRL against Defendants)**

105. Paragraphs 1 through 104 are realleged.

106. Section 8-107(13) of the NYCHRL provides that "[a]n employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this action…[a]n employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where: i) the employee or agent exercised managerial or supervisory responsibility; or ii) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take

immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercise managerial or supervisory responsibility; or iii) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct."

107. Defendants violated § 8-107(13) of the NYCHRL as set forth herein.

108. Plaintiff seeks damages in the amount of all lost wages and benefits resulting from the unlawful termination of plaintiff's employment, compensatory damages for mental, emotional, and physical injuries, distress, pain and suffering and injury to her reputation in an amount to be determined at trial, punitive damages, attorneys' fees and costs.

WHEREFORE, plaintiff prays for relief as follows:

a) On the First Claim for Relief, FLSA Minimum Wage Violations, brought by plaintiff against defendants, damages in an amount to be determined at trial, liquidated (double) damages as provided by law, and attorneys' fees and costs as provided by law;

b) On the Second Claim for Relief, NYLL Minimum Wage Violations, brought by plaintiff against defendants, damages in an amount to be determined at trial, liquidated (double) damages as provided by law, and attorneys' fees and costs as provided by law;

c) On the Third Claim for Relief, FLSA Overtime Violations, brought by plaintiff against defendants, damages in an amount to be determined at trial, liquidated (double) damages as provided by law, and attorneys' fees and costs as provided by law;

d) On the Fourth Claim for Relief, NYLL Overtime Violations, brought by plaintiff against defendants, damages in an amount to be determined at trial, liquidated (double) damages as provided by law, and attorneys' fees and costs as provided by law;

e) On the Fifth Claim for Relief, NYLL "Spread of Hours" Violations, brought by plaintiff against defendants, damages in an amount to be determined at trial, liquidated (double) damages as provided by law, and attorneys' fees and costs as provided by law;

f) On the Sixth Claim for Relief, NYLL Wage Notice and Wage Statement Violations, brought by plaintiff against defendants, statutory damages in an amount to be determined at trial, and attorneys' fees and costs as provided by law;

g) On the Seventh Claim for Relief, NYLL Unlawful Wage Deductions, brought by plaintiff against defendants, damages in an amount to be determined at trial, liquidated (double) damages as provided by law, and attorneys' fees and costs as provided by law;

h) On the Eighth Claim for Relief, Retaliation under the NYLL, brought by plaintiff against defendants, damages in an amount to be determined at trial, liquidated (double) damages as provided by law, and attorneys' fees and costs as provided by law;

i) On the Ninth Claim for Relief, Sexual Discrimination under the NYCHRL, brought by plaintiff against defendants, all lost wages and benefits resulting from the unlawful termination of plaintiff's employment, front pay, compensatory damages for mental, emotional, and physical injuries, distress, pain and suffering and injury to her reputation in an amount to be determined at trial, punitive damages, attorneys' fees and costs;

j) On the Tenth Claim for Relief, Retaliation under the NYCHRL, brought by plaintiff against defendants, all lost wages and benefits resulting from the unlawful termination of plaintiff's employment, front pay, compensatory damages for mental, emotional, and physical injuries, distress, pain and suffering and injury to her reputation in an amount to be determined at trial, punitive damages, attorneys' fees and costs;

k) On the Eleventh Claim for Relief, Aiding and Abetting Discrimination under the NYCHRL, brought by plaintiff against Michael Siderakis, Christos Siderakis, Gus Siklas, Kamal Fathelbab, and John Doe(s) 1–5, all lost wages and benefits resulting from the unlawful termination of plaintiff's employment, front pay, compensatory damages for mental, emotional, and physical injuries, distress, pain and suffering and injury to her reputation in an amount to be determined at trial, punitive damages, attorneys' fees and costs;

l) On the Twelfth Claim for Relief, Employer Liability under the NYCHRL, brought by plaintiff against defendants, all lost wages and benefits resulting from the unlawful termination of plaintiff's employment, front pay, compensatory damages for mental, emotional, and physical injuries, distress, pain and suffering and injury to her reputation in an amount to be determined at trial, punitive damages, attorneys' fees and costs; and

m) All such other and further relief as the Court may deem equitable, just, and proper to remedy defendants' unlawful labor and employment practices.

Dated:  New York, New York
        February 8, 2018

LAROCCA HORNIK ROSEN
GREENBERG & BLAHA LLP

By: _____
Patrick McPartland (PM-4225)
Jared E. Blumetti (JB-1214)

40 Wall Street, 32nd Floor
New York, New York 10005
T: (212) 530-4837, 4831
E: pmcpartland@lhrgb.com
   jblumetti@lhrgb.com

*Attorneys for Plaintiff*
*Bonnie Shibetti*
