UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
BONNIE SHIBETTI and KATRINA PUCCINI, individually
and on behalf of all others similarly situated,

                              Plaintiffs,

                                                                                                 Case No:
                                                                                                 18-cv-00856 (ERK) (ST)

           -against-

Z RESTAURANT, DINER AND LOUNGE, INC.,
ADEL FATHELBAB, ADAM FATHELBAB,
KAMAL FATHELBAB, ESSAM ELBASSIONY,
MIKO ENTERPRISES, LLC, MICHAEL SIDERAKIS,
CHRISTOS SIDERAKIS, KONSTANTINOS SIKLAS,
CROWN CROPSEY AVENUE LLC, LG MALONEY LLC,
XYZ CORP(s) 1-5, and JOHN DOE(s) 1-5,

                              Defendants.
---------------------------------------------------------------------------X

# **MEMORANDUM OF LAW IN OPPOSITION TO THE PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION**

                                                                Vincent J. Romano (VJR-8509)
                                                                9201 4th Avenue, Ste. 704
                                                               Brooklyn, NY 11209
                                                               (718) 852-5200
                                                               Email: VRomano13@aol.com
                                                               *Attorney for Defendant*
                                                               *Z Restaurant, Diner and Lounge, Inc.*

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| **I.** | PRELIMINARY STATEMENT……………………………………… | 1 |
| **II.** | STATEMENT OF FACTS………………….................................. | 1 |
| **III.** | CONDITIONAL CERTIFICATION IS NOT WARRANTED ..……......... | 1 |
| **IV.** | THE CONDITIONAL CERTIFICATION WILL CREATE A CONFLICT OF INTEREST FOR PLAINTIFFS' COUNSEL…………………………… | 2 |
| **V.** | THE STANDARD FOR CLASS ACTIONS UNDER RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE HAS NOT BEEN MET……. | 3 |
| **VI.** | CONCLUSION………………………………………………………… | 3 |

The corporate defendant, by its' attorney, Vincent J. Romano, submits this memorandum of law in opposition to the Plaintiffs' motion for Conditional Certification in all respects.

## I.     PRELIMINARY STATEMENT

The allegations set forth in the plaintiffs' complaint have been challenged in the form of a motion to dismiss for a failure to state a cause of action. This motion is presently pending before the United States District Court.

The Plaintiffs do not rely on any evidence nor do they set forth their basis of knowledge on how other employees were paid at the Diner and are solely relying on inferences and guesswork.

For these reasons and the other reasons set forth in this memorandum, the plaintiffs' motion must be denied in its entirety.

## II.     STATEMENT OF FACTS

The Court is respectfully referred to the (i) Third Amended Collective and Class Action Complaint, which is attached as Exhibit A in the Declaration of Vincent Romano, (ii) the Defendants' motion to dismiss for a failure to state a cause of action, which is attached as Exhibit B in the Declaration of Vincent Romano.

## III.     CONDITIONAL CERTIFICATION IS NOT WARRANTED

The Plaintiffs have not factually established or set forth any showing that other employees of the Parkview Diner are similarly situated with the allegations set forth by the Plaintiffs in their complaint.

The Plaintiffs have not provided any factual basis to establish a nexus between the plaintiffs and the other tipped employees at the Parkview Diner.

Plaintiffs' counsel is relying heavily on two (2) separate self-serving declarations from the individual plaintiffs in order to accomplish their goal of having the court order a conditional certification.

The Declaration of Bonnie Shibetti, which was drafted in order to support the application for conditional certification, relies on paragraph 9 which states,

"During my employment, I observed the Parkview Diner treating other employees the same way, including not providing them with any paperwork or paychecks, and docking their pay for various reasons."

This paragraph is devoid of any specifics that would support a conditional certification. Ms. Shibetti fails to state when she acquired this knowledge and she fails to offer a single name of these "other employees" nor does she explain in her declaration her basis of knowledge in order to set forth these unsupported allegations.

## IV.     THE CONDITIONAL CERTIFICATION WILL CREATE A CONFLICT OF INTEREST FOR PLAINTIFFS' COUNSEL

The corporate defendant has argued in its' motion to dismiss for a failure to state a cause of action (attached as Exhibit B) in Section VIII on pages 8-12 in the memorandum that the solicitation of the "other employees" by plaintiffs' attorneys will create a non-waivable conflict of interest which may require the disqualification of counsel and their firm. All relevant caselaw was cited in the defense's motion to dismiss.

Bonnie Shibetti's declaration creates the best evidence and legal basis for the defendants' position.  Paragraph 11 of the Shibetti declaration fully supports and emphasizes our position, which states as follows:

"All of this is not even to mention the serious sexual harassment and abuse I was subjected to at the Parkview Diner.  I was sexually assaulted by my supervisor Kamal

Fathelbab in the women's bathroom and inappropriately touched and grabbed by male waiters and bussers on restaurant floor in front of customers."

This sworn statement by Ms. Shibetti further underscores why plaintiffs' counsel should not be permitted to solicit, counsel, advise, take on as a client, or contact these employees because of the conflict of interest that will undoubtedly be created.

## V.   THE STANDARD FOR CLASS ACTIONS UNDER RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE HAS NOT BEEN MET

Plaintiffs' counsel has not addressed or argued that they are in compliance with Federal Rule of Civil Procedure Rule 23.  The corporate defendant has previously argued in their Motion to Dismiss for a Failure to State a Cause of Action in Section IX on pages 12-14 (*See*: Exhibit B) that the Plaintiffs are not in compliance with Rule 23. All relevant caselaw was cited in the defense's motion to dismiss.

Specifically, the defense has argued that the fourth prong of Rule 23 is that "the representative parties will fairly and adequately protect the interests of the class."

The Shibetti declaration clearly demonstrates that she will not be able to fairly and adequately protect the interests of the tipped employees (waiters, waitresses, bussers, hosts, and hostesses) or in a similar tipped position who subjected Ms. Shibetti to "serious sexual harassment and abuse" at the Parkview Diner.

Ms. Shibetti claimed in the civil complaint that she was inappropriately touched in a sexual manner by "other male employees" at the Parkview Diner.  These are the very same employees that Ms. Shibetti claims that she will fairly and adequately represent the interests of in a Class Action lawsuit. The defense disagrees with Ms. Shibetti's ability to represent the class of people who subjected her to serious sexual harassment and abuse.

## VI.    CONCLUSION

Based on all of the foregoing reasons, the defendant respectfully requests that the Court deny the Plaintiffs' motion for a conditional certification.  If the Court is inclined to grant the motion, the defense requests that the order be stayed pending the decision of the defendant's motion to dismiss for a failure to state a cause of action.

Furthermore, the defense is respectfully requesting that all discovery obligations be suspended pending a decision on the motion to dismiss.

Dated: June 12, 2019
       Brooklyn, New York

Respectfully submitted,

*Vincent J. Romano*

_____
Vincent J. Romano (VJR-8509)
9201 4th Avenue, Ste. 704
Brooklyn, NY 11209
(718) 852-5200
Email: VRomano13@aol.com
*Attorney for Defendant*
*Z Restaurant, Diner and Lounge, Inc.*

cc: Robert Fileccia, Esq. (via ecf)

   Jared Blumetti, Esq. (via ecf)

   Patrick McPartland, Esq. (via ecf)