**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

BONNIE SHIBETTI and KATRINA PUCCINI, individually and on behalf of all others similarly situated,

                            Plaintiffs,

   -against-

Z RESTAURANT, DINER AND LOUNGE, INC., ADEL FATHELBAB, ADAM FATHELBAB, KAMAL FATHELBAB, ESSAM ELBASSIONY, MIKO ENTERPRISES, LLC, MICHAEL SIDERAKIS, CHRISTOS SIDERAKIS, KONSTANTINOS SIKLAS, CROWN CROPSEY A VENUE LLC, LGMALONEY LLC, XYZ CORP(s) 1-5, and JOHN DOE(s) 1-5,

                           Defendants.
-------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

18-CV-856 (ERK) (ST)

**TISCIONE, United States Magistrate Judge:**

       Plaintiffs Bonnie Shibetti and Katrina Puccini bring this action against the above-named Defendants alleging claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, New York Labor Law ("NYLL"), N.Y. Lab. Law § 195(3), New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code, § 8–101 *et seq.*, and New York common law.  *See* Dkt. Nos. 1 (Complaint), 90 (Third Amended Complaint) ("TAC").  Plaintiffs seek to recover unpaid: minimum wages, overtime compensation, and spread-of-hours pay.  In addition, Plaintiffs allege that Defendants have engaged in a practice of creating and maintaining a hostile work environment by refusing to take notice of, investigate, or discipline repeated acts of sexual assault and harassment taken by Kamal Fathalbab, a male supervisor, and other male employees against Shibetti, Puccini, and other female servers at the Parkview Diner.  TAC ¶ 2.  Plaintiffs also assert that Defendants unlawfully retaliated against Shibetti for engaging in protected activity, unlawfully discriminated against Puccini on the basis of her pregnancy status, and engaged in negligent hiring and supervision of various employees.  TAC ¶¶ 3–4.

1

On June 10, 2019, the Honorable Edward R. Korman referred Plaintiffs' Motion to Certify FLSA Collective Action to this Court for a Report and Recommendation. For the reasons set forth below, I respectfully recommend that the District Court deny Plaintiffs' motion.

**I.      BACKGROUND**

Z Diner is a current or former owner, operator, licensor, licensee, lessee, or manager of a restaurant called Parkview Diner located in Brooklyn, New York. TAC ¶ 12. In June 2015, Shibetti was hired by Z Diner to work as a waitress at the Parkview Diner. TAC ¶ 48. During her training period, Shibetti worked three, eight-hour work shifts, for which she did not receive pay. TAC ¶ 50. Following the training period, Shibetti worked at the Diner on Wednesdays through Sundays, from approximately 9:00 a.m. to 6:00 p.m. TAC ¶ 51. From the beginning of her employment in June 2015 to her termination in April 2016, Shibetti was paid at a rate of $2.00 per hour; she was never paid for any hours she worked in excess of forty hours in a given workweek. TAC ¶ 54. The Complaint offers the following example as a typical workweek: "during the week of February 24–28, 2016, Shibetti was paid $80.00 for approximately forty-five (45) or more hours she worked at the Parkview Diner for an approximate effective rate of $1.78 per hour." TAC ¶ 54. In April 2016, Shibetti approached her supervisors to request that she be paid "on the books," at an amount meeting or exceeding the minimum wage, plus regular wage statements. TAC ¶ 83. A few days later Shibetti was terminated from her position at the Diner. TAC ¶ 85.

Puccini also worked as a server at the Diner. TAC ¶ 87. Following her start in late 2015, she worked one, 4-hour training shift, for which she did not receive pay. TAC ¶ 89. In 2015 and 2016, Puccini worked at the Diner on Wednesdays and Thursdays, from approximately 5:00 p.m. to 12:00 a.m.; Fridays, from 9:00 p.m. to 6:00 a.m., Saturdays, from 6:00 p.m. to 6:00 a.m.; and Sundays, from 5:00 p.m. to 12:00 a.m. TAC ¶ 90. At all times, Puccini was paid at a rate of $5.00 per hour and never paid any wages for any hours worked in excess of forty hours in a workweek. TAC ¶ 93.

On February 8, 2018, Shibetti filed an initial Complaint. *See* Dkt. No. 1. An Amended Complaint was filed on March 2, 2018, and a Second Amended Complaint was filed on June 29,

2018.  *See* Dkt. Nos. 6, 77.  After the Court granted leave to amend, Plaintiffs filed a Third Amended Complaint on October 12, 2018, adding Puccini as a named Plaintiff in the action, and adding class allegations.  *See* Dkt. No. 90.  On June 5, 2019, Plaintiffs filed a Motion to Certify FLSA Collective Action with this Court.  *See* Dkt. No. 120.

## II.   ANALYSIS

Defendants argue that Plaintiffs have not met their burden of showing that they are entitled to conditional certification under the FLSA.  Defendants assert that Plaintiffs have not set forth sufficient factual information to infer that the other employees are similarly situated with respect to the allegations set forth by Plaintiffs in their complaint.  *See* Defendants' Memorandum in Opposition to Conditional Certification ("Defs.' Mem."), Dkt. No. 124, at 3–4.

Under the FLSA, an employee may sue on behalf of herself and other employees who are "similarly situated."  29 U.S.C. § 216(b).  Those "similarly situated" employees may opt-in to a collective action brought under the FLSA, and therefore become plaintiffs, by filing a written consent form with the Court.  *Varghese v. JP Morgan Chase & Co.*, Nos. 14-CV-1718 (PGG), 15-CV-3023 (PGG), 2016 WL 4718413, at *5 (S.D.N.Y. Sept. 9, 2016); *see* 29 U.S.C. § 216(b).

The conditional certification of an FLSA collective action is a discretionary exercise of the Court's authority; it is useful as a case management tool, facilitating the dissemination of notice to potential class members.  *Myers v. Hertz Corp.*, 624 F.3d 537, 555 n.10 (2d Cir. 2010) (quoting *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169, 174 (1989)).  Because it is discretionary, a motion for conditional certification involves a "far more lenient" standard than a motion for class certification under Rule 23 of the Federal Rules of Civil Procedure.  *Feng v. Soy Sauce LLC*, No. 15-CV-3058 (ENV) (LB), 2016 WL 1070813, at *2 (E.D.N.Y. Mar. 14, 2016).

Courts in the Second Circuit apply a two-step process to determine whether an action should be certified as an FLSA collective action.  *Myers*, 624 F.3d at 554–55.  In the first step, the Court looks at the pleadings, affidavits, and declarations to determine whether the plaintiffs and potential opt-in plaintiffs are sufficiently "similarly situated" to issue notice and allow the case to proceed as a collective action through discovery.  *Id.* at 555.

The first step requires only a "modest factual showing" that plaintiffs and potential opt-in plaintiffs "together were victims of a common policy or plan that violated the law." *Id.* (internal quotation marks and citations omitted).  The standard of proof is low "because the purpose of this first stage is merely to determine *whether* 'similarly situated' plaintiffs do in fact exist." *Id.* (emphasis in original).  Participants in a potential collective action need not have held identical jobs or been subject to identical treatment; rather, conditional certification is appropriate where all putative class members are employees of the same enterprise and allege the same types of FLSA violations.  *See Lin v. Benihana Nat'l Corp.*, 275 F.R.D. 165, 173 (S.D.N.Y. 2011).

If the plaintiffs satisfy this first step and are granted conditional certification, the Court will then, on a fuller record, determine whether the actual opt-in plaintiffs are in fact "similarly situated" to the named plaintiffs.  *Myers*, 624 F.3d at 555.  If the record reveals that the opt-in plaintiffs are not, then the Court may decertify the collective action and the opt-in plaintiffs' claims could be dismissed without prejudice.  *Id.*

Despite the "low burden" at the first stage, a "plaintiff must provide some actual evidence of a factual nexus between him and the rest of the class he seeks to represent; conclusory allegations will not suffice." *Reyes v. Nidaja, LLC*, No. 14-CV-9812, 2015 WL 4622587, at *2 (S.D.N.Y. Aug. 3, 2015).  "Declarations submitted in connection with motions for certification must allege facts showing such a nexus, not mere statements that others are similarly situated." *Id.*; *see also Myers*, 624 F.3d at 555.  Courts in this district have consistently held that, "where a plaintiff bases an assertion of a common policy on observations of coworkers or conversations with them, he must provide a minimum level of detail regarding the contents of those conversations or observations." *Reyes*, 2015 WL 4622587, at *3 (citing caselaw).

In the present case, Shibetti and Puccini each submitted a declaration in support of their motion to certify.  In those statements, they effectively re-assert the principal factual allegations in their complaint, including: the dates of their employment, their hourly wage rate, the Diner's failure to provide wage notices, and the Diner's practice of deducting the cost of certain food items from their paychecks.  Declaration of Bonnie Shibetti ("Shibetti Decl.") ¶¶ 1–8, Dkt. No. 120-7;

Declaration of Katrina Puccini ("Puccini Decl.") ¶¶ 1–9, Dkt. No. 120-8.  In support of the Diner's "common practice" of allegedly committing FLSA violations, Plaintiffs allege:

> During my employment, I observed the Parkview Diner treating other employees the same way, including not providing them with any paperwork or paychecks, and docking their pay for various reasons.

Shibetti Decl. ¶ 9; Puccini Decl. ¶ 11.  Plaintiffs also separately allege that they "understand that the Parkview Diner also treated [Shibetti/Puccini] in the same manner they treated me, such as not providing her with paperwork or paychecks, not paying her minimum wage or overtime pay, and docking her pay."  Shibetti Decl. ¶ 10; Puccini Decl. ¶ 12.

Courts have found that plaintiffs make the required showing for FLSA conditional certification where they provide at least some level of factual detail with respect to similarly situated persons in the putative class.  In *Bittencourt v. Ferrara Bakery & Café Inc.*, 310 F.R.D. 106 (S.D.N.Y. 2015), the Court found that a restaurant employee provided sufficient detail to establish that other waitstaff employees were similarly situated where the plaintiff-employee provided: (1) an affidavit from a similarly-situated employee who corroborated the named plaintiff's unpaid minimum wage claim; and (2) the plaintiff and the other corroborating employee identified other employees by name, alleging that other employees were also not paid the minimum statutory wage—and these statements were accompanied by explanations regarding the bases for their beliefs.  *Id.* at 115.  In particular, the plaintiff stated that he knew that other employees were similarly situated because he saw other employees' paystubs and talked with other employees about their salary—and, albeit vague, the plaintiff provided dates on which the conversations took place and some information regarding the detail of those conversations.  *Id.*; *but see id.* at 115–16 (allegations insufficient with respect to other, non-waitstaff employees in the putative class). Likewise, in *Shi Ming Chen v. Hunan Manor Enterprise, Inc.*, No. 17-CV-802 (GBD), 2018 WL 1166626, at *4 (S.D.N.Y. Feb. 15, 2018), the Court granted conditional certification where the plaintiff stated that he "personally spoke with [ten] other employees who 'worked and were paid similarly as him[,]'" and the plaintiff provided names of the former employees with whom he

5

spoke. *Id.* The court found that, "by providing probative information regarding similarly situated employees, such as their 'names, their duties, and their hours worked,' Plaintiffs have met their modest burden of demonstrating that other cooks were victims of Defendants' common policy or practice of not paying minimum wage or overtime." *Id.* (quoting *Qing Gu v. T.C. Chikurin, Inc.*, No. 13-CV-2322 (SJ) (MDG), 2014 WL 1515877, at *3 (E.D.N.Y. Apr. 17, 2014)).

Despite the low evidentiary bar, courts have consistently denied conditional certification motions based entirely on conclusory statements. For instance, in *Sanchez v. JMP Ventures, L.L.C.*, No. 13-CV-7264 (KBF), 2014 WL 465542, at *2 (S.D.N.Y. Jan. 27, 2014), the plaintiff alleged that he regularly worked in excess of 40 hours a week but was not paid overtime compensation as required by the FLSA. The plaintiff complained that the policies to which he was subjected were a "common practice" at his place of employment based on his "observations" and "conversations" with other employees. *Id.* The court found that the plaintiff had not met his burden based on the fact that he had not provided "*any* detail as to a *single* such observation or conversation." *Id.* Likewise, in *Reyes v. Nidaja, LLC*, No. 14-CV-9812, 2015 WL 4622587, at *2 (S.D.N.Y. Aug. 3, 2015), the Court denied a conditional certification motion where the plaintiff did not "identify any of the other employees by name or indicate the time or circumstances surrounding his observations" nor did the plaintiff "state that he had conversations with any other employee regarding their treatment, pay, job duties, or responsibilities." *Id.*; *see also Ali v. New York City Health & Hosps. Corp.*, No. 11-CV-6393 (PAC), 2013 WL 1245543, at *3 (S.D.N.Y. Mar. 27, 2013) (denying conditional certification motion where plaintiff merely alleged that she "had conversations with other respiratory therapists about the fact that we worked in excess of forty hours a week").

Like in *Reyes*, Plaintiffs here have failed to provide the "minimum level of detail" needed to sustain a motion for conditional certification. As stated above, both Puccini and Shibetti maintain that, during their employment, they "observed the Parkview Diner treating other employees the same way." Shibetti Decl. ¶ 9; Puccini Decl. ¶ 11. But Plaintiffs do not provide any details regarding their alleged observations—they do not provide any names, dates, or

6

circumstances to give a factual basis for their statements. As in *Sanchez*, Plaintiffs do not offer "*any* detail as to a *single* such observation." 2014 WL 465542, at *2. Plaintiffs do not state that they talked with similarly-situated persons; nor do Plaintiffs provide any affidavits or declarations from potential class members.[1] For these reasons, Plaintiffs have failed to meet their burden of providing sufficient information to advance past the first stage of FLSA conditional certification.

### III. CONCLUSION

Accordingly, because Plaintiffs have not made the "modest factual showing" that plaintiffs and potential opt-in plaintiffs "together were victims of a common policy or plan that violated the law," *Myers*, 624 F.3d at 554–55, I respectfully recommend Plaintiffs' Motion to Certify FLSA Collective Action be DENIED without prejudice to allow Plaintiffs to re-file on a more robust factual record.[2]

### IV. OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *Tavarez v. Berryhill*, No. 15-CV-5141 (CS) (LMS), 2019 WL 1965832, at *30 (S.D.N.Y. May 1, 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

---

[1] Plaintiffs attempt to bolster their case by attaching an employee roster that was produced by Defendants during discovery. *See* Dkt. No. 120-5; *see also* Dkt. Nos. 119-1, 121-2, 122-2. Plaintiffs' argue that the roster, which contains incomplete information as to both current and former employees, confirms "Defendants' large-scale violations of the wage and hour laws at the Parkview Diner . . . ." Plaintiffs' Memorandum of Law in Support of their Motion for Conditional Certification at 3. Plaintiffs do not cite any caselaw to support their position. But *even if* the roster demonstrates a failure to maintain adequate and complete employment records, it is not sufficient to show that Defendants engaged in a common practice of paying less than the statutory minimum wage or failing to pay the statutorily required overtime pay.

[2] *See Shanfa Li v. Chinatown Take-Out Inc.*, No. 16-CV-7787 (JCM), 2018 WL 1027161, at *6 (S.D.N.Y. Feb. 21, 2018) (citing *Mata v. Foodbridge LLC*, No. 14-CV-8754 (ER), 2015 WL 3457293, at *5 (S.D.N.Y. June 1, 2015)).

7

**SO ORDERED.**

/s/

Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Brooklyn, New York
September 3, 2019