**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
BONNIE SHIBETTI and KATRINA PUCCINI,
individually and on behalf of all others similarly
situated,

                      Plaintiffs,

    -against-

Z RESTAURANT, DINER AND LOUNGE, INC.,
ADEL FATHELBAB, ADAM FATHELBAB,
KAMAL FATHELBAB, ESSAM ELBASSIONY,
MIKO ENTERPRISES, LLC, MICHAEL
SIDERAKIS, CHRISTOS SIDERAKIS,
KONSTANTINOS SIKLAS, CROWN CROPSEY
A VENUE LLC, LGMALONEY LLC, XYZ
CORP(s) 1-5, and JOHN DOE(s) 1-5,

                      Defendants.
------------------------------------------------------------X

**SUA SPONTE REPORT AND RECOMMENDATION**

18-CV-856 (ERK) (ST)

**TISCIONE, United States Magistrate Judge:**

        On September 3, 2019, this Court issued a Report and Recommendation on Plaintiffs' Motion to Certify an FLSA Collective Action. *See* ECF No. 130 ("R&R"). That R&R recommended that Plaintiffs' Motion be denied because Plaintiffs had not shown that other employees are similarly situated with respect to the unpaid wage claims set forth in Plaintiffs' Complaint. *See* R&R at 7. On September 17, 2019, Plaintiffs filed an Objection to the R&R. *See* ECF No. 132 ("Obj."). Because that Objection was addressed to me, I write this *sua sponte* Report and Recommendation addressing Plaintiffs' arguments.

        Plaintiffs offer two arguments in opposition. *See* Obj. First, Plaintiffs argue that this Court erred in finding that Plaintiffs had not met their burden of showing similarly situated employees. In support, Plaintiffs cite to cases in which courts have approved conditional certification on a showing of one or two affidavits from plaintiffs or putative collective members. *See* Obj. at 1–2. Second, Plaintiffs argue that this Court erred in failing to take into account Defendants' "facially defective discovery responses" and how that "severely prejudiced" the

1

ability of Plaintiffs to submit additional documentary evidence in support of their Motion. Obj. at 2. I address each of those arguments in order.

### A. Analysis

#### 1. *This Court did not err when it found that Plaintiffs had not met their burden of showing similarly situated employees*

In the R&R, this Court recommended denying Plaintiffs' request for conditional certification based on a lack of documentary evidence submitted in support of their Motion. Plaintiffs merely alleged that they "observed" their employer "treating other employees the same way, including not providing them with any paperwork or paychecks, and docking their pay for various reasons." Declaration of Bonnie Shibetti ("Shibetti Decl.") ¶ 9, ECF No. 120-7; Declaration of Katrina Puccini ("Puccini Decl.") ¶ 11, ECF No. 120-8. This Court found that the allegations were vague and failed to include any details about any particular observation. R&R at 6–7. Plaintiffs respond by citing to cases where courts have granted conditional certification on the basis of one or two affidavits. Obj at 1–2. Plaintiffs seem to have mis-read the opinion. This Court was concerned not with the *quantity* of the declarations, but rather with the *quality* of Plaintiffs' evidence.

Plaintiffs cite to caselaw in an attempt to support their position. But those cases are distinguishable. For instance, in *Arpi v. Sternbach Holdings, LLC*, No. 12-CV-6764 (KBF), 2012 WL 6200909, at *1 (S.D.N.Y. Dec. 10, 2012), the court found that Plaintiffs met their burden where Plaintiffs alleged that they "personally observed other employees who did similar work to them" and "claimed to have seen other employees suffer at the hands of defendants from the same unlawful practices at issue in this complaint." *Id.* The court did not discuss any specific details of the alleged observations. Even though the Court's characterization of Plaintiffs' evidence appears similar to this case, further inquiry reveals that the *Arpi* court cites to a total of *nine* paragraphs from Plaintiffs' declarations in support of the alleged observations. *See id.* In fact, the *Arpi* Plaintiffs' declarations contain detailed allegations about the employer's policies and personal observations that corroborate those allegations. *See* Declaration of

Gonzalo Arpi, 12-CV-6764, ECF No. 15 ("Arpi Decl."); Declaration of Paul Ramirez, 12-CV-6764, ECF No. 16 ("Ramirez Decl.").[1]  Plaintiffs state, for instance:

- "I personally observed that it is Defendants' policy to pay straight time for hours worked in excess of 40 hours a week with respect to all employees." (Arpi Decl. ¶ 3)
- "During my employment, records of my time worked were not accurately kept by Defendants because they did not have a time clock until in or about July 2011.  No employee punched in and out until in or about July 2011."  (Arpi Decl. ¶ 6)
- "I was not entitled to share in the tips generated at the restaurant . . . .  I personally observed that there were other employees doing similar work as myself who were not paid the minimum wage and did not receive tips." (Ramirez Decl. ¶ 3)
- "During my employment, I observed that the time worked by employees was not accurately reflected by the Defendants' time keeping system due to time shaving with respect to all non-exempt employees, including myself.  For example, even though Defendants had a time clock, I was instructed to not punch in or out. Also during my employment, I was required to work up to 3 hours past my regular work schedule, and was not paid for these hours. I observed that other employees were also required to work extra hours past their regular work schedule and were not paid for these hours." (Ramirez Decl. ¶ 6)

Thus, the *Arpi* plaintiffs stated sufficient details with respect to similarly situated persons by including a number of instances in which their personal observations of others corroborate their own detailed wage complaints.  Plaintiffs also cite to *Jun Hua Yang v. Rainbow Nails Salon IV Inc.*, No. 18-CV-4970 (DLI) (SJB), 2019 WL 2166686, at *7 (E.D.N.Y. May 16, 2019).  It, too, is easily distinguishable.  In that case, the Court discussed the plaintiff's affidavit:

> Yang explains where these conversations happened (at work and on lunch breaks, walking home from work, on the bus) and provides the first names and job titles of the employees she spoke with, as well as general time periods of when the conversations occurred. The lack of specific dates for these conversations does not detract from the other details Yang does provide, and she has met the minimal burden for the Court to certify the proposed collective.

*Id.* (record citation omitted).  Plaintiff's affidavit also contained the "possible ranges of . . . pay" for the other putative plaintiffs.  *Id.* at *5.  Thus, although Plaintiffs here are correct that *Jun Hua*

---

[1] "Judicial notice may be taken of public filings." *Kavowras v. New York Times*, 328 F.3d 50, 57 (2d Cir. 2003).

3

*Yang* is an instance where a court "grant[ed a] conditional certification motion[] on the basis of *one* declaration only[,]" Obj. at 2, the affidavit there provided much more probative information regarding similarly situated persons. The plaintiff in *Jun Hua Yang* alleged information about putative plaintiffs by recounting times, places, dates, and names of persons with whom the plaintiff had conversations about alleged wage violations. None of those details are found in the declarations submitted in support of Plaintiffs' Motion to Certify in this case.

As such, Plaintiffs fail to show that this Court erred when it found that Plaintiffs did not meet their burden of showing similarly situated putative collective members.

2. *This Court did not err in refusing to take into account Defendants' deficient discovery responses*

Plaintiffs next argue that this Court should have considered Defendants' failure to provide discovery in deciding Plaintiffs' Motion to Certify. Specifically, Plaintiffs complain about Defendants' failure to provide the contact information of other employees. Defendants do not claim that there is a legal rule that eliminates their burden in the instance that discovery is not provided; instead, Defendants cite a case in which a court took a defendant's conduct into account. This Court notes that, typically, discovery is not provided until *after* a Motion to Certify is granted. *See, e.g.*, *Benavides*, 166 F. Supp. 3d 474, 488 (S.D.N.Y. 2016) ("Courts in this District commonly grant requests for the production of names, mailing addresses, email addresses, telephone numbers, and dates of employment *in connection with the conditional certification of a FLSA collective action*.") (emphasis added) (quoting *Martin v. Sprint/United Mgmt. Co.*, No. 15-CV-5237 (PAE), 2016 WL 30334, at *1 (S.D.N.Y. Jan. 4, 2016) (collecting cases)) (other citations omitted). Plaintiffs have not presented a persuasive reason why discovery responses should be relevant in a proceeding in which plaintiffs routinely meet their burden without the aid of discovery.

B. **Conclusion**

This Court respectfully recommends overruling Plaintiffs' objections and denying the Motion to Certify.

### C. Objections to this Report and Recommendation

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *Tavarez v. Berryhill*, No. 15-CV-5141 (CS) (LMS), 2019 WL 1965832, at *30 (S.D.N.Y. May 1, 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

/s/
Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Brooklyn, New York
October 3, 2019

5