

Warshaw Burstein, LLP
575 Lexington Avenue
New York, NY  10022
(212) 984-7700
www.wbny.com

Maxwell Rubin
(212) 984-7845
mrubin@wbny.com

October 13, 2020

**VIA ECF**

Judge Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

                Re:    *Bonnie Shibetti and Katrina Puccini v. Z Restaurant,*
                        *Diner and Lounge, Inc., et al*.
                        Civil Action No.: 18-cv-00856 (BMC)

Dear Judge Cogan:

      As per the Court's instruction, Defendants respectfully request a pre-motion conference regarding Defendants' intention to file a motion seeking sanctions against Plaintiffs' counsel for improperly soliciting by telephone Defendants' employees to join the instant class action.

      On Monday October 5, 2020, Defendants were provided a voicemail from one of its employees whereby Mr. Jared Blumetti, Plaintiffs' counsel, is heard directly soliciting Defendant's employee, asking to be called back "if [the employee] has any interest in joining this lawsuit."[1] Upon investigation, it was confirmed that Mr. Blumetti's phone call and voicemail were unsolicited by the employee.  Mr. Blumetti's improper and solicitous phone call is a violation of (i) this Court's August 7, 2020 Order, (ECF No. 195), which does not provide for notice or solicitation by telephone; and (ii) New York Rule of Professional Conduct 7.3(a)(1) which prohibits a lawyer from engaging in solicitation by telephone unless the recipient is a close friend, relative, former client or existing client.

      New York Rule of Professional Conduct 7.3(a)(1) states, "(a) a lawyer shall not engage in solicitation: (1) by in-person ***or telephone contact***, or by real-time or interactive, computer-accessed communication unless the recipient is a close friend, relative, former client or existing

---

[1] The full recording of Mr. Blumetti's voicemail can be emailed to the Court upon request.

{1269444.1 }

Judge Brian M. Cogan
October 13, 2020
P a g e | 2

Moreover, on August 7, 2020, this Court issued an order whereby "Within 7 days of this order, defendants shall post the notice, along with sufficient consent forms, in a conspicuous location at the Parkview location." This directive was the sole communication permitted with potential class members; Plaintiffs' were not in any way permitted to directly solicit Defendants' employees as potential class members. Mr. Blumetti's improper phone solicitation of a potential class member is a complete disregard of this Court's order.

Case law regarding improper attorney solicitation is clear; such communications are not permitted and are a violation of the professional rules of conduct. D.R. 2-103 prohibits an attorney from "soliciting professional employment" directly from a prospective client "by-in person or telephone contact." D.R. 2-103(A), N.Y. Comp. Codes R. & Regs., tit 22, § 1200.8. *Louima v. City of New York,* 2004 U.S. Dist. LEXIS 13707, *288-289 (E.D.N.Y. July 21, 2004). Furthermore, in the case of *Gortat v. Capala Bros., Inc.*, 2010 U.S. Dist. LEXIS 45549, *7, 2010 WL 1879922 (E.D.N.Y. May 5, 2009), the Court held that where counsel has violated an ethical rule and improperly solicited class members in a class action lawsuit, courts have imposed a variety of remedies, including assessing attorney's fees or imposing punitive fines. See, e.g., *Kleiner v. First Nat'l Bank*, 751 F.2d 1193, 1207-10 (11th Cir.1985) (affirming district court's disqualification of lead defense counsel and issuance of a $ 50,000 fine where defense counsel violated ethical rule and court order limiting communications with class members by advising defendants to solicit members to opt out of the class action).

In this instance, Mr. Blumetti's improper solicitation was clear and unambiguous in its intent as evidenced by the communication itself. Mr. Blumetti's actions are a violation of this Court's order, a violation of the ethical rules of attorney conduct, and were intended to convince and coerce Defendants' employees to join Plaintiffs' case rather than allowing potential employees to evaluate the Court ordered notice and join if desired through appropriate channels.

Considering the facts and the egregious behavior as set forth herein, sanctions are appropriate and warranted.

We respectfully look forward to addressing this matter before the Court.

Respectfully,

Maxwell J. Rubin

Cc: All Counsel Via ECF

{1269444.1 }