UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X   Civil Action No:
BONNIE SHIBETTI and KATRINA PUCCINI,                                        18-cv-00856 (BMC)
individually and on behalf of all others similarly situated,

                                        Plaintiffs,

                          -against-

Z RESTAURANT, DINER AND LOUNGE, INC.,
ADEL FATHELBAB, ADAM FATHELBAB,
KAMAL FATHELBAB, ESSAM ELBASSIONY,
MIKO ENTERPRISES, LLC, MICHAEL SIDERAKIS,
CHRISTOS SIDERAKIS, KONSTANTINOS SIKLAS,
CROWN CROPSEY AVENUE LLC, LGMALONEY LLC,
XYZ CORP(s) 1-5, and JOHN DOE(s) 1-5,

                                        Defendants
-----------------------------------------------------------------------X

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR SANCTIONS AGAINST PLAINTIFFS' COUNSEL

Respectfully Submitted,
WARSHAW BURSTEIN, LLP
*Attorneys for Defendants*
*Adel Fathelbab, Adam Fathelbab,*
*Kamal Fathelbab, and Essam Elbassiony*
575 Lexington Avenue, 7th Floor
New York, New York 10022
(212) 984-7700

*On the Brief:*

*Linda Genero Sklaren, Esq.*
*Maxwell J. Rubin, Esq.*

{1275127.1 }

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................ii-iii

PRELIMINARY STATEMENT ......................................................................1

FACTS .................................................................................................1

ARGUMENT ..........................................................................................2

POINT I

THE TELEPHONE CALLS MADE BY PLAINTIFFS' COUNSEL
TO POTENTIAL FLSA COLLECTIVE MEMBERS VIOLATE THIS
COURT'S ORDER AND NEW YORK'S ETHICAL RULES AGAINST
SOLICITATION AND HARASSMENT ...........................................................2

    A.  This Court Did Not Authorize Telephone Contact Between
        Plaintiffs' Counsel and Prospective FLSA Collective Members..........2

    B.  Direct Telephone Contact To Solicit FLSA Members Who
        Have Not Opted-in Violates New York State's Cannon of Ethics ...........6

CONCLUSION..........................................................................................10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Chambers v. NASCO, Inc.,
        501 U.S. 32 (1991)................................................................................................9

Desir v. NYU Langone Health Sys. & Nicole Reiss,
        2020 U.S. Dist. LEXIS 194837 (S.D.N.Y., Oct. 19, 2020) ...............................4

Dziennik v. Sealift, Inc.,
        2006 U.S. Dist. LEXIS 33011 (E.D.N.Y. May 23, 2006) ...................................7

Genesis Healthcare Corp. v. Symczyk,
        569 U.S. 66 (2012)................................................................................................7

Gortat v. Capala Bros. Inc.,
        2010 U.S. Dist. LEXIS 45549 (E.D.N.Y. May 5, 2009) .....................................9

Gulf Oil Co. v. Bernard,
        452 U.S. 89 (1981)................................................................................................2

Guzelgurgenli v. Prime Time Specials, Inc.,
        883 F. Supp. 2d 340 (E.D.N.Y. 2012) .................................................................5

Hintenberger v. Catholic Health Systems, Inc.,
        2010 U.S. Dist. LEXIS 96435 (W.D.N.Y. May 13, 2010)...................................8

Hoffman La-Roche v. Sperling,
        493 U.S. 165 (1989) ........................................................................................2-3

Islam v. LX Ave. Bagels, Inc.,
        2019 U.S. Dist. LEXIS 173744 (S.D.N.Y. Sept. 30, 2019)................................5

Laney v. Clements Fluids Management LLC,
        2020 U.S. Dist. LEXIS 52144 (E.D. Texas, 2020)..............................................6

Lanqing Lin v. Everyday Beauty Amore, Inc.,
        2018 U.S. Dist. LEXIS 207988 (E.D.N.Y. Dec. 9, 2018) ...........................3, 4, 9

O'Conner v. Agilant Sols., Inc.,
        444 F. Supp.3d 593 (S.D.N.Y. 2030)...................................................................7

Revson v. Cinque & Cinque, P.C.,
        221 F.3d 71 (2d Cir. 2000)...................................................................................9

Tarpley-Smith v. Pacesetter Claims Serv.,
    2020 U.S. Dist. LEXIS 65161 (M. Dist. Fla., 2020) ..............................................6

Whitehorn v. Wolfgang's Steakhouse, Inc.,
    767 F. Supp. 2d 445 (S.D.N.Y. 2011)..............................................................4

**Statutes**

Fair Labor Standards Act ................................................................................1, 3, 6, 7

Federal Rule of Civil Procedure 23 ...................................................................7

New York Labor Law ...................................................................................1

**Other Authorities**

New York Comp. Codes R. & Regs. tit. 22, Part 1200, Rules 7.3(a) and (b) .................6

New York Comp. Codes R. & Regs. tit. 22, Part 1200, Rule 7.3(c) .............................8

New York Rules of Professional Conduct, 7.3 .................................................6, 7

## PRELIMINARY STATEMENT

Defendants Adel, Adam, Kamal Fathelbab and Essam Elbassiony ("Defendants") submit this memorandum of law in support of their motion for sanctions against plaintiffs' counsel for improperly soliciting by telephone prospective collective members who have not opted-in to this action and to prevent any further improper solicitation and harassment by plaintiffs' counsel.

## FACTS

Defendants hereby incorporate by reference the facts as set forth in the November 2, 2020 Declaration of Adam Fathelbab ("Adam's Declaration").

Briefly stated for the convenience of the Court, this case concerns claims made under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") concerning certain wage practices at the Parkview Diner. This Court granted conditional certification of the FLSA collective action only. There has been no certification of the NYLL claims. With regard to the FLSA action, the time period to opt-in expired on October 21, 2020. See, Decision/Order, ECF Doc # 195, Page ID # 3186. However, at the October 22, 2020 court conference regarding this motion, plaintiff's counsel indicated he will file a motion to extend the time to opt-in.

As set forth in Adam's Declaration, on October 5, 2020 while he was in the dining room of the restaurant, waiter/server Ibrahim Mohamed shared a voicemail from plaintiffs' counsel, Jared Blumetti, where he states:

> "…This message is for Abrahim Mohamed. My name is Jared Blumetti. I'm calling on behalf of the waiters and waitresses of the Park View Diner. A few weeks ago I sent you a notice regarding your ability to potentially opt into this lawsuit against the Park View Diner regarding not being paid certain wages. If you can give me a call back or if you have any interest in joining this lawsuit my number is 732-778-8423."
>
> See, Transcript, Exhibit "A" to Adam's Declaration.

{1274614.1 }                                        1

At issue in the instant motion is the propriety of such telephone calls made by plaintiffs' counsel to potential collective members to solicit them to join the FLSA action. Plaintiffs' counsel admit they made such calls and claim it is perfectly permissible to do so. See, ECF Doc #206, page ID # 3220, para. 3.

However, plaintiff's counsel requested and obtained Court approval for only three types of notice: by mail and/or e-mail; and by posting notice in the Parkview Diner. No request was made for permission to make direct telephone calls and none was approved. The sole purpose of the calls  - - confirmed by the transcript - - was to encourage individuals to join the action. As explained below, apart from the fact that such telephone communications were not authorized by this Court, they violate New York's Ethical Rules as they constitute improper solicitation and harassment. Plaintiffs' counsel should be sanctioned for their wrongful conduct.

## ARGUMENT

### POINT I

### THE TELEPHONE CALLS MADE BY PLAINTIFFS' COUNSEL TO POTENTIAL FLSA COLLECTIVE MEMBERS VIOLATE THIS COURT'S ORDER AND NEW YORK'S ETHICAL RULES AGAINST SOLICITATION AND HARASSMENT.

A. This Court Did Not Authorize Telephone Contact Between Plaintiffs' Counsel and Prospective FLSA Collective Members:

"Because of the potential for abuse, a district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties." See, Gulf Oil Co. v. Bernard, 452 U.S. 89, 100 (1981). Similar authority extends to FLSA collective actions where possible members receive notice in order to decide whether to opt-in to the action. In Hoffman La-Roche v. Sperling, 493 U.S. 165, 172

(1989), a case involving the propriety of the trial court's involvement in supervising the giving of notice under the FLSA, the Court explained:

> "The court is not limited to waiting passively for objections about the manner in which the consents were obtained. By monitoring preparation and distribution of the notice, a court can ensure that it is timely, accurate, and informative. Both the parties and the court benefit from settling disputes about the content of the notice before it is distributed. This procedure may avoid the need to cancel consents obtained in an improper manner."

In the instant action, plaintiffs moved for conditional certification of the FLSA action. See, ECF Doc # 169. If conditionally certified they also sought permission to give notice to potential members by: (a) posting notice in the restaurant; and (b) by mail *and* e-mail. They attached a copy of their proposed notice to their motion for the Court's approval and requested information from defendants to enable them to send the notice by mail and/or e-mail. See, Plaintiff's Memorandum of Law in Support of Motion, ECF Doc # 169-18, page ID # 2106-07.

After approving conditional certification, this Court granted plaintiffs' notice application "*to the extent necessary* to facilitate notice by first-class mail and e-mail to viable members of the collective….(emphasis added)." The Court also "adopt[ed] plaintiffs' proposed notice" and directed that it "be posted at the Parkview Diner, along with sufficient consent forms…." See, August 7, 2020 Decision and Order, ECF Doc #195, page ID # 3185-86.

Plaintiffs sought no approval to give notice to potential collective participants by telephoning them directly. This Court has denied such requests in the past. For example, in Lanqing Lin v. Everyday Beauty Amore, Inc., 2018 U.S. Dist. LEXIS 207988, 2018 WL 6492741 (E.D.N.Y., Dec. 9, 2018)( J. Cogan), plaintiffs' counsel sought conditional certification of FSLA claims for retail cosmetic store employees and permission to notify them via (i) mail, (ii) email, (iii) posting notices in stores, and (iv) by telephone. The Court allowed notice by mail

and email. Posting notices in the affected retail stores was not appropriate and was denied. With

respect to the request to contact collective members by telephone, this Court stated:

> "Because notice will not be posted in defendants' store locations, however, it is appropriate for notice to be provided both by first class mail and email to ensure that potential plaintiffs receive notice of this action. Plaintiffs have not shown why providing additional notice by direct telephone solicitation is necessary, and the Court does not see why it is. Indeed, if potential plaintiffs do not respond to multiple forms of written notice, then it is safe to assume they do not want to be a member of the collective, and it is further safe to assume that they do not want anyone contacting them by phone to discuss it." Id., at 2018 U.S. Dist. LEXIS *21-22. [1]

Plaintiffs' counsel blames defendants for the need to contact prospective collective

members by telephone claiming defendants have provided "defective and incomplete"

information because 14 notices have purportedly been returned. See, ECF Doc # 206, page ID

3220, pars. 2-3. Counsel could have brought their concerns to the attention of the Court and

sought further information enabling them to verify addresses and send out reminder notices, for

example, but they did not do so. See, Desir v. NYU Langone Health Sys. & Nicole Reiss, 2020

U.S. Dist. LEXIS 194837, *22-23 (S.D.N.Y., October 19, 2020)(Denying production of social

security numbers because record did not establish need); and Whitehorn v. Wolfgang's

Steakhouse, Inc., 767 F. Supp. 2d 445, 448-49 (S.D.N.Y., February 8, 2011)(Directing

production of selective social security numbers where plaintiffs' counsel disclosed difficulties in

obtaining address for three putative collective members, information was needed for records

search and counsel signed a confidentiality agreement).

---

[1] There is no discussion of Ethical Rules in the opinion.

In fact, it appears that Plaintiffs' counsel has already sent out reminders - - a cover letter with the previously approved notice attached - -  without Court approval. See, Letters, Exhibit "B" to Adam's Declaration. Although courts often grant requests to send out "reminder" notices, they are scrutinized as they can imply court approval of the action. Compare, Guzelgurgenli v. Prime Time Specials, Inc., 883 F. Supp. 2d 340, 357-58 (E.D.N.Y., Aug 8, 2012)(Granting permission to send reminder notices); with Islam v. LX Ave. Bagels, Inc., 2019 U.S. Dist. LEXIS 173744, *31-32, 2019 WL 5198667 (S.D.N.Y., Sept. 30, 2019)(Denying permission to send reminder notices with leave to renew upon a showing of need). By failing to bring the issue to this Court, plaintiffs' counsel avoided all such scrutiny of their actions.

Plaintiffs' counsel contends that individuals were contacted by telephone "for the limited purpose of determining whether they had in fact received the notice that was sent to them." See, October 19, 2020 Blumetti Letter, ECF Doc. # 206, page ID #3220, para. 3. The transcript of the Blumetti's voicemail to Mohamed indicates otherwise. He states: "[i]f you can give me a call back or if you have any interest in joining this lawsuit my number is 732-778-8423." Blumetti does not ask Mohamed if he received the mailed notice or email or indicate that he is calling because Mohamed's notice had been returned. Counsel does not ask for information or facts. The sole purpose is to encourage Mohamed to participate in the lawsuit.

The telephone calls made by plaintiffs' counsel were not authorized by this Court and are in violation of this Court's Order. As set forth below, they also violate the Ethical Cannons of this state.

B.  Direct Telephone Contact To Solicit FLSA Members Who Have Not Opted-in Violates New York State's Cannon of Ethics:

The New York Rules of Professional Conduct, at section 7.3, provides in relevant part:

(a) "A lawyer shall not engage in solicitation: (1) by *in-person or telephone contact*, or by real-time or interactive computer-accessed communication unless the recipient is a close friend, relative, former client or existing client (emphasis added); or

(2) by any form of communication if………….. (iii) the solicitation involves coercion, duress or *harassment*….(emphasis added)"

(b) For purposes of this Rule, "solicitation" means any advertisement initiated by or on behalf of a lawyer or law firm that is directed to, or targeted at, a specific recipient or group of recipients, or their family members or legal representatives, the primary purpose of which is the retention of the lawyer or law firm, and a significant motive for which is pecuniary gain. See, N.Y. Comp. Codes R. & Regs. tit. 22 ("NYCRR"), Part 1200, Rule 7.3 (a) and (b).

We have found no authority which holds that our ethical rules do not apply to class/collective action plaintiffs' counsel. The few courts who have commented on it, have found no power to supersede these rules. See, for example, Laney v. Clements Fluids Management, LLC, 2020 U.S. Dist. LEXIS 52144, *2, 13-14 (E.D.Texas, March 25, 2020)(Rejecting plaintiff's request for court approval of a proposed FLSA notice to collective members to protect his counsel from state laws/ethics rules on solicitation or barratry, as it was "unclear how or why the court's discretionary, case-management rulings could or should supersede any applicable state laws or ethics rules…. [and] Laney has not … explained why an attorney should be excused from the ethics rules of the state bar."); and Tapley-Smith v. Pacesetter Claims Serv., 2020 U.S. Dist. LEXIS 65161, *10-11 (M. Dist. Fla., 2020)(To comply with ethics rules, proposed FLSA notice included statement that it was "a Court-authorized notice and not a solicitation from a lawyer.").

The relevant FLSA statute - - 29 U.S.C. 216 (b) - - sets forth the status of individuals who have not opted-in to the collective action:

{1274614.1 }                                    6

"No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."

This is a significant difference from Rule 23 class actions. In contrast to certification pursuant to Rule 23, "under the FLSA, 'conditional certification does not produce a class with an independent legal status, or join additional parties to the action. The sole consequence of conditional certification is the sending of court-approved written notice to employees.'" See, Genesis Healthcare Corp. v. Symczyk, 569 U.S. 66, 75 (2012).

Thus, individuals who have not "opted-in" to the FLSA action are not existing clients of plaintiffs' counsel. Under New York Ethical Rule 7.3, counsel is barred from contacting such individuals by telephone for the purpose of soliciting their participation in a lawsuit. [2]

Plaintiffs' counsel assert they "generally" have the right to contact members of a putative class by any means whatsoever, as long as the contact information used was obtained lawfully and the information provided was not "confusing, false or deceptive." In support they cite O'Conner v. Agilant Sols., Inc., 444 F. Supp. 3d 593, 602 (S.D.N.Y., March 12, 2020) and Dziennik v. Sealift, Inc., 2006 U.S. Dist. LEXIS 33011, 2006 WL 1455464 (E.D.N.Y., May 23, 2006). See, Blumetti Letter, ECF Doc #206, Page ID # 3220, para. 4. However, the Court in O'Connor invalidated arbitration agreements resulting from communications not only because they were misleading but because they were also *coercive*. In Dziennik, unlike here, the

---

[2] In the June 6, 2019 Memorandum issued by the New York State Bar Association Committee on Standards of Attorney Conduct, it commented on the rationale behind Rule 7.3 (a) solicitation ban: "[p]aragraph (a) generally prohibits in-person solicitation, which has been historically disfavored by the bar because it poses serious dangers to potential clients. For example, in-person solicitation poses the risk that a lawyer, who is trained in the arts of advocacy and persuasion, may pressure an individual to hire the lawyer without adequate consideration. These same risks are present in telephone contact…." See, https://cdn.ymaws.com/www.albanycountybar.org/resource/resmgr/news/cosac_june_9_discussion_draf.pdf, pg. 40, Comment 9.

{1274614.1 }                                           7

communications between plaintiffs' counsel and putative class members were not improper solicitations but pertained solely to ascertaining employment information which is permitted. [3]

Thus, while "general" contact for purposes of ascertaining the facts or locating witnesses may be permissible, contacting putative members by telephone for the purpose of urging them to participate constitutes unethical solicitation. The fact that counsel lawfully obtained putative members' telephone numbers is irrelevant. Indeed, if counsel is correct, and they could use telephone numbers not to verify addresses, for example, but to contact individuals for any purpose, there would be no need to seek court approval for any type of notice. The plethora of court cases analyzing the language, means and methods of potential notices indicate otherwise. [4]

In addition, our ethical rules prohibit any form of attorney communication with a prospective client, regardless of its form, if it involves harassment.

To date, plaintiffs' counsel has given an inordinate amount of "notice" to prospective collective members. They have: (a) posted the approved notice in the restaurant; (2) mailed *and* e-mailed the approved notice to collective individuals; (3) sent out second "reminder" notices (cover letter and initial notice) without seeking permission from the Court (Exhibit "B" to Adam's Declaration); and (4) telephoned potential members to encourage them to join (Exhibit

---

[3] This motion does not involve an attorney's written or media advertising, which is permitted under our ethical rules but is subject to specified guidelines. See, 22 NYCRR, Part 1200, Rule 7.3 (c).

[4] Plaintiffs' counsel also cite Hinterberger v. Catholic Health Systems, Inc., 2010 U.S. District LEXIS 96435, *24-27. 2010 WL 3395672 (W.D.N.Y., May 13, 2010) claiming it supports their use of putative members' contact information for any type of contact. See, Blumetti Letter, ECF Doc # 206, page ID # 3220, para. 4. Unlike the instant case, however, defendants in Hinterberger offered no proof, only speculation about the content of such contacts which was insufficient to warrant court intervention

{1274614.1}                                      8

"A" to Adam's Declaration and ECF Doc. # 206). That this is harassment is underscored by the fact that, notwithstanding their improper telephone calls and multiple forms of written notices, aside from the two named plaintiffs, only three individuals have decided to "opt-in." See, Filed Notices of Kathy Camacho (ECF Doc. #201); Juan Anaya Ruiz (ECF Doc. # 202); and Sergio Estrda (ECF Doc # 203).[5] It is "safe to assume" the remaining individuals do not want anyone contacting them further about this case. See, Lin, supra.

Apart from any rule or statute, the Court has the inherent authority to sanction improper conduct. This power stems from the nature of courts and their need to be able "'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" See, Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991).

As a result of their improper solicitation and harassment of putative collective members by telephone, defendants request that the Court exercise its inherent power and direct sanctions against plaintiffs' counsel as follows:

a) prohibiting plaintiffs' counsel from initiating telephone contact with any putative member of the collective who has not opted-in, without prior approval from this Court and/or in the alternative;

b) barring plaintiffs' counsel from collecting any fees or costs for work performed for anyone other than the five individuals who have opted-in as of October 21, 2020,

---

[5] Although Mr. Ruiz filed a consent, he is ineligible to join the collective as his last day of work was October 18, 2015. Defense counsel has asked that his consent be removed.

Sergio Estrada was a busboy employed from August 12, 2018 to September 16, 2018. Busboys were not required to complete any training.

{1274614.1}                                        9

which fees and costs are conditioned upon proof that the five individuals were not solicited over the telephone by plaintiffs' counsel; and

c) barring plaintiffs' counsel from collecting any fees or costs for work performed relating to the instant motion, including court conferences and letter submissions; and

d) awarding attorney's fees and costs to defendants' counsel for the work performed uncovering the wrongful communications, applying to the Court for relied, participating in court conferences and the motion practice relating to this issue.

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court grant the instant motion and grant the relief requested by defendants.

Dated: November 5, 2020

WARSHAW BURSTEIN, LLP

By: _____
Maxwell Rubin (#4474)
Linda Genero Sklaren (#8754)
Counsel for Defendants Adel,
Adam, Kamal Fathelbab, and
Essam Elbassiony
575 Lexington Avenue, 7th Fl.
New York, New York 10021
Tel: 212-984-6133, 7832
mrubin@wbny.com
lsklaren@wbny.com