UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
                                         :

BONNIE SHIBETTI and KATRINA          :
PUCCINI, individually and on behalf of all   :      **MEMORANDUM**
others similarly situated,                 :      **DECISION AND ORDER**
                                           :
                      Plaintiffs,      :      18-cv-856 (BMC)
                                             :

            - against -                  :
                                           :

Z RESTAURANT, DINER AND LOUNGE,    :
INC., ADEL FATHELBAB, ADAM           :
FATHELBAB, KAMAL FATHELBAB,       :
ESSAM ELBASSIONY, XYZ CORP(S) 1–   :
5, AND JOHN DOE(S) 1–5,              :
                                           :
                       Defendant.      :
                                           :
-------------------------------------------------------- X

**COGAN**, District Judge.

       In this action for unpaid wages, with federal jurisdiction predicated on the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, defendants have asked the Court to decline to

exercise supplemental jurisdiction over three opt-in plaintiffs' claims arising from the New York

Labor Law ("NYLL") § 650 *et seq.* Resolving this matter requires this Court to answer three

inquires. First, if an opt-in plaintiff only has NYLL claims, does the court have supplemental

jurisdiction over those claims based on its original jurisdiction over the original plaintiffs' FLSA

claims? Second, if it does, should it decline to exercise that jurisdiction because the opt-in

plaintiffs' NYLL claims predominate over the original plaintiffs' FLSA claims? Third, if the

NYLL claims do not predominate, does the opt-in form signed by the opt-in plaintiffs in this case

waive their NYLL claims, so that they are effectively opting-in to nothing?

       For the reasons set forth below, the Court concludes that it has supplemental jurisdiction

over the opt-in plaintiffs' claims; that those claims do not predominate over the original

plaintiffs' federal claims; and that the language of the opt-in notice included the opt-in plaintiffs' NYLL claims.

## BACKGROUND

Two plaintiffs, Bonnie Shibetti and Katrina Puccini (the "Original Plaintiffs"), brought this action under the FLSA and the NYLL.  Both of the Original Plaintiffs worked for defendants as waitresses, Shibetti from June 2015 through April 2016, and Puccini from late 2015 to late 2018.  They allege that defendants failed to pay minimum wage, overtime, spread-of-hours pay, and other requirements.  On August 7, 2020, the Court authorized a collective action and opt-in notice to potential additional plaintiffs.  The consent form on the notice stated:

> I, the undersigned, [name], a current or former employee at the Parkview Diner, hereby consents to become a party plaintiff in *Bonnie Shibetti, et al v. Z Restaurant, Diner and Lounge, Inc., et al*, 18-cv-00856, in the United States District Court, Eastern District of New York, arising under the Fair Labor Standards Act, as well as other state, federal, and common laws, seeking to recover unpaid wages, penalties, interest and any other remedy applicable under the FLSA.  I also hereby designate Patrick McPartland and Jared E. Blumetti . . . to represent me in asserting my rights to such recovery.

Three co-employees of the Original Plaintiffs – Juan Anaya Ruiz, Sergio Estrada and Kathy Camacho (collectively, the "Opt-in Plaintiffs") – signed this notice and thereby became parties to this action.

However, not all of the Opt-in Plaintiffs had timely claims under the FLSA, see 29 U.S.C. § 255(a), or to the extent they had such claims, they were for different periods of employment both as compared to each other and as to the Original Plaintiffs.  Opt-in plaintiff Ruiz only has NYLL claims related to his 2015 employment; opt-in plaintiff Estrada has both NYLL and FLSA claims for the duration of his employment starting in 2018; and opt-in plaintiff Camacho has NYLL claims starting in 2016 and FLSA claims beginning from 2018.

At the parties' final pretrial conference, defendants asserted that pursuant to Fed. R. Civ. P. 12(b)(1) and 29 U.S.C. § 256(b), this Court lacked supplemental jurisdiction over the opt-in plaintiffs' NYLL claims or, alternatively, assuming that it has supplemental jurisdiction, it should decline to exercise it. The Court set briefing on the issue. Defendants' brief advances three arguments: (1) since Ruiz has no timely FLSA claims, there is no basis for jurisdiction over his NYLL claims, or if there is, the Court should decline to exercise it; (2) the Court should decline to exercise supplemental jurisdiction over Estrada and Camacho's NYLL claims because they predominate over their FLSA claims; and (3) the notice that these Opt-in Plaintiffs signed only allows their participation in FLSA claims, not NYLL claims.

## DISCUSSION

### I.    Ruiz's Claims

Without the Original Plaintiffs' underlying action, the parties agree that Ruiz's claims – arising only under the NYLL – could not be brought in federal court because his FLSA claims are time-barred. The first question is whether the Original Plaintiffs' FLSA claims supply supplemental jurisdiction over Ruiz's NYLL claims.

Ruiz's NYLL claims are a subset of the Original Plaintiffs' NYLL and FLSA claims. Specifically, the Original Plaintiffs assert FLSA and NYLL claims starting in 2015 that concern minimum wage violations associated with unpaid training periods, tip credit differential damages, and overtime. Ruiz raises those same claims against the same defendants for his work in 2015. They therefore arise out of the same nucleus of operative fact as the Original Plaintiffs' FLSA claims.

Notwithstanding that Ruiz has no timely FLSA claims, this Court has supplemental jurisdiction over his NYLL claims. This is because the supplemental jurisdiction statute, 28

U.S.C. § 1367 continues the pre-statutory principle of pendent party jurisdiction.  See Charles Alan Wright *et al.*, Federal Practice and Procedure 13D § 3567.2 (3rd ed. West 2022).  That principle allows the Court to assert jurisdiction as to a plaintiff's claim over which it would not otherwise have original jurisdiction as long as it has original jurisdiction over other plaintiffs' federal claims arising from the same nucleus of operative fact.  See  28 U.S.C. § 1367(a) ("[S]upplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.").

Once it is determined that the Court has supplemental jurisdiction over the pendent party's claim, "the discretion to decline supplemental jurisdiction is available only if founded upon an enumerated category of subsection 1367(c)."  Itar–Tass Russian News Agency v. Russian Kurier, Inc., 140 F.3d 442, 448 (2d Cir.1998).  These categories are: claims that raise a novel issue of State law; State law claims that substantially predominate over the federal cause of action; actions where all the claims over which a federal court has original jurisdiction have been dismissed; and claims that raise a compelling reason to decline jurisdiction.  28 U.S.C. § 1367(c). Generally, in these types of cases, Courts have maintained supplemental jurisdiction over an opt-in plaintiffs' NYLL claims when they share a common nucleus of operative fact with another plaintiffs' FLSA claims.  See Ouedraogo v. Durso Assocs., No. 30-cv-1851, 2005 WL 1423308, at *2 (S.D.N.Y. June 16, 2005) (exercising supplemental jurisdiction over a plaintiff with only NYLL claims, finding they "share too many common threads with the other plaintiffs' federal claims for them to be separated from one another"); see also Wraga v. Marble Lite, Inc., No. 05-cv-5038, 2006 WL 2443554, at *3 (E.D.N.Y. Aug. 22, 2006) ("[F]ederal courts may, and often do, exercise supplemental jurisdiction over state labor law claims even when those employees' [FLSA] claims have been dismissed as time-barred.") (citing Godlewska v. HDA, No. 03-cv-

3985, 2006 WL 1422410, at *9 (E.D.N.Y. May 18, 2006); Chen v. Street Beat Sportswear, Inc., 364 F. Supp. 2d 269, 276 (E.D.N.Y. 2005); Brzychnalski v. Unesco, Inc., 35 F. Supp. 2d 351, 353–54 (S.D.N.Y. 1999)).

Defendants argue that Ruiz's claims must be dismissed because they substantially predominate over Shibetti and Puccini's FLSA claims. I disagree. Because there is no dispute that the Court is going to hear the Original Plaintiffs' NYLL claims, Ruiz's almost identical claims do not substantially predominate. See Shahriar v. Smith & Wollensky Rest. Grp., Inc., 659 F.3d 234, 245 (2d Cir.2011); see also Wang v. Chinese Daily News, Inc., 623 F.3d 743, 762 (9th Cir. 2010) (the district court had discretion to exercise supplemental jurisdiction over a state-law labor claim that was closely related to an FLSA claim despite a higher number of claimants under the state-law claim; predomination under § 1367(c)(2) relates to the type of claim, not number of claimants).

Even if "one of the subsection 1367(c) factors is applicable, a district court should . . . exercise supplemental jurisdiction unless . . . doing so would not promote the values … of economy, convenience, fairness, and comity." Jones v. Ford Motor Credit Co., 358 F.3d 205, 214 (2d Cir. 2004). Given these claims' similarity to the issues presented in the rest of this case, and the fact that the alleged violation of Ruiz's rights occurred at the same time as the Original Plaintiffs' claims, the Court is well-positioned to resolve them. The Court is thoroughly familiar with the underlying law, facts, and parties. Requiring Ruiz to separately prosecute his claims in a State forum would unnecessarily prolong their resolution, increase the parties' litigation costs, and risk producing contradictory outcomes. Risking these consequences would run afoul of the Second Circuit's guidance in Jones, 358 F.3d at 214.

## II.    Camacho and Estrada's Claims

A very similar analysis guides this Court's approach to Camacho and Estrada's claims. Defendants contend that the Court should dismiss Camacho and Estrada's NYLL claims because they predominate over their asserted FLSA rights.  That argument fails for two reasons.

First, the parts of the NYLL claims that occurred at the same time as the alleged FLSA violations involve identical legal standards and facts.  Although all of the opt-in plaintiffs' recovery may be greater under the NYLL, this does not mean that the State claims predominate. See, e.g., Allstate Interiors & Exteriors, Inc. v. Stonestreet Constr., LLC, 730 F.3d 67, 73–74 (1st Cir. 2013) (supplemental jurisdiction appropriate even though plaintiff's state law cause of action involved a greater monetary claim because "both sets of claims . . .depended on the same body of evidence and sought a similar legal remedy.").

Second, although Camacho and Estrada's FLSA claims are barred for underpayments before 2018, supplemental jurisdiction over Camacho's 2016 NYLL claims is proper.  This is because they derive from the same common nucleus of facts and law raised by Shibetti and Puccini's FLSA claims, both of which begin in 2015.[1]

The exercise of supplemental jurisdiction is appropriate here because Camacho and Estrada's claims do not raise novel issues of state law, fail to substantially predominate over the

---

[1]    Defendants seek to have this Court decline supplemental jurisdiction based on its prior decision in this case in August 2020.  There, the Court declined to exercise supplemental jurisdiction over plaintiffs' State law sex discrimination claims because New York State and City sex discrimination laws have nothing to do with whether plaintiffs were paid the minimum wage and overtime as required under the FLSA.  In so holding, the Court also commented that the FLSA "offer[ed] plaintiffs no additional rights to those provided by the [NYLL]", and that the "invocation of the FLSA seem[ed to be] nothing more than a jurisdictional excuse . . . [b]ecause [the State sex discrimination claims] so completely eclipse[d]" the federal causes of action. In contrast, the Opt-in Plaintiffs' NYLL substantially overlap with the Original Plaintiffs' FLSA and NYLL claims.

Original Plaintiffs' claims, are part of a case where federal rights are asserted, and present no compelling reason to decline jurisdiction.  If all plaintiffs' (including the Original Plaintiffs) NYLL claims were analyzed together, it is possible that they might substantially predominate over the FLSA claims.  But that is not an appropriate analysis because defendants only challenge the viability of the Opt-in Plaintiffs' NYLL claims.

For similar reasons, this Court has, and chooses to exercise, supplemental jurisdiction over Camacho's 2016 NYLL claims.  Camacho's analogous FLSA claims from the same period are time barred, but her NYLL claims are still subject to this Court's supplemental jurisdiction because they arise out of the same common nucleus of operative facts and law raised by the Original Plaintiffs' 2015 FLSA claims.  See Ouedraogo, 2005 WL 1423308, at *2.  Thus, exercising supplemental jurisdiction over Camacho's 2016 NYLL claims is proper for the same reason that supplemental jurisdiction will be exercised over Ruiz's 2015 NYLL claims.  See Wraga, 2006 WL 2443554, at *3; Godlewska, 2006 WL 1422410, at *9; Chen, 364 F. Supp. 2d at 276; Brzychnalski, 35 F. Supp. 2d at 353–54.

### III.    The Opt-In Notice

Lastly, defendants argue that the opt-in notice prevents the opt-in plaintiffs from raising NYLL claims because the notice "expressly state[s] that . . . [the plaintiffs are limited] to only pursue unpaid wages, penalties, . . . [and] any other remedy applicable under the FLSA." Defendants contend they "may not be held liable to opt-in plaintiffs for NYLL violations," when these plaintiffs' "consent forms . . . cannot fairly be read to state an intention to claim state-law violations."  Alfonso v. New Day Top Trading, Inc., 18-cv-4745, 2020 WL 9815184, at *7 (S.D.N.Y. June 29, 2020).

The opt-in form in this case has no such limitation.  It describes the action into which plaintiffs are opting in as *Bonnie Shibetti, et al v. Z Restaurant, Diner and Lounge, Inc., et. al.*, . . . [which arises] under the Fair Labor Standards Act, *as well as other state, federal, and common laws*."  (Emphasis added). This last phrase joins the Opt-in Plaintiffs to the entire action and, therefore, allows them to assert both their NYLL and FLSA rights.  See Prickett v. DeKalb County, 349 F.3d 1294, 1297 (11th Cir. 2003) ("[B]y referring to them as 'party plaintiff[s]' [in 29 U.S.C. § 216(b)] Congress indicated that opt-in plaintiffs should have the same status in relation to the claims of the lawsuit as do the named plaintiffs."); Ramirez-Marin v. JD Classic Builders Corp., No. 16-cv-5584, 2017 WL 4358759, at *4 (E.D.N.Y. Sept. 30, 2017) (opt-in plaintiffs entitled to pursue relief under NYLL, where consent form reflected that plaintiffs consented to join lawsuit "brought pursuant to the Fair Labor Standards Act, the New York Labor Law, and the New York Code of Rules and Regulations."); Hicks v. T.L. Cannon Corp., 35 F. Supp. 3d 329, 337–39 (W.D.N.Y. 2014); Fengler v. Crouse Health System, Inc., 634 F. Supp.2d 257, 262 (N.D.N.Y. 2009) ("[The] statutory language [in FLSA § 216(b)] indicates that once a potential plaintiff opts in, that person is a party to the action, not just to a claim.").

## CONCLUSION

For the reasons stated above, this Court will retain supplemental jurisdiction over the Opt-in Plaintiffs' claims.

**SO ORDERED.**

Digitally signed by Brian M. Cogan

U.S.D.J.

Dated: Brooklyn, New York
       January 10, 2022

8